```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRETTE DELAHOUSSAYE,

                 Plaintiff,
                                       MEMORANDUM & ORDER
      -against-                        13-CV-4603(JS)(GRB)

PHYSICAL REVIEW LETTERS PRX
JOURNAL,

                 Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Brette Delahoussaye, pro se
                    7719 Goodland Avenue
                    North Hollywood, CA 91605-2041

For Defendant:      No appearances.
```

SEYBERT, District Judge:

On August 12, 2013, pro se plaintiff Brette Delahoussaye ("Plaintiff") filed a Complaint against Physical Review Letters PRX Journal (the "Journal" or "Defendant"). Plaintiff's Complaint was accompanied by an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, because Plaintiff does not meet the requirement for diversity jurisdiction, or allege any other federal cause of action, the Complaint is sua sponte DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND[1]

Plaintiff has been recognized as a mathematical and scientific scholar by many publications for discovering a "really great mathematical Transform Equation back in 1999." (Compl. ¶ III.C.) Plaintiff submitted an article on July 24, 2013 for publication to Defendant who, through its editorial offices, "unjustifiably rejected [Plaintiff's article] on 08-01-13 without a chance for [Plaintiff] to defend [the] paper via a phone conference." (Compl. ¶ III. A-B.) Plaintiff states that Defendant "won't give [Plaintiff] the satisfaction and dignity of publishing [Plaintiff's] Important Discovery in [Defendant's] Journal for a fee of 1500 dollars." (Compl. ¶ III.C.) Plaintiff seeks $2000 in compensatory damages and an unspecified amount of travel expenses. (Compl. ¶ V.)

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Upon review of the declaration in support of Plaintiff's application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). As such, Plaintiff's request to proceed in forma pauperis is GRANTED.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum & Order.

II. Application of 28 U.S.C. § 1915

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b). Because courts are obliged to construe the pleadings of a pro se plaintiff liberally, the Court interprets a pro se plaintiff's papers to "raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).

III. Subject Matter Jurisdiction

The jurisdiction of the federal courts is limited; federal jurisdiction only exists when a "federal question" is presented, that is a civil action "arising under the Constitution, laws, or treaties of the United States," see 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. See also Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). There is an independent obligation for a federal court to "determine whether subject matter-jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (internal

citation omitted). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. FED. R. CIV. P. 12(h)(3).

Here, Plaintiff has checked neither the "Federal Question" box nor the "Diversity of Citizenship" box under the section of his Complaint entitled "Basis for Jurisdiction." (Compl. ¶ II.A.) Plaintiff has also not provided any of the additional information requested under the section titled "Basis for Jurisdiction."[2] (Id. ¶ II.B.-C.) As such, construing the Complaint liberally, the Court assumes that Plaintiff seeks to invoke this Court's jurisdiction under both 28 U.S.C. § 1331 and § 1332.

A. <u>Diversity Jurisdiction</u>

Plaintiff's allegations fail to establish that complete diversity exists. Plaintiff is domiciled in California. A corporate defendant, for the purposes of diversity jurisdiction, is a citizen of the state of its incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1); <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). Plaintiff, however, makes no allegations concerning Defendant's principal place of business or

---

[2] Plaintiff has not informed this Court "what federal Constitutional, statutory or treaty right is at issue" (Compl. ¶ II.B.), and Plaintiff has not filled out the parties' respective states of citizenship (<u>id.</u> ¶ II.C.).

4

Defendant's state of incorporation, other than to include a New York address for Defendant when listing the parties to the action (Compl. ¶ I.B.). Plaintiff also fails to meet the minimum amount in controversy necessary for the Court to have jurisdiction as he seeks only $2,000 and an unspecified amount of travel expenses[3] in damages, which is less than the necessary $75,000. See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994) (upon reviewing a complaint with an unspecified amount of damages to see if it met the monetary requirement for diversity jurisdiction, the Second Circuit held that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint . . . federal courts lack diversity jurisdiction"); see also 28 U.S.C. § 1332(a).

However, as noted above, subject matter jurisdiction may also be established where the Complaint presents a federal question pursuant to Section 1331. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id., 546 U.S. at 513 n.10. Although courts hold pro

---

[3] There are no allegations that Plaintiff's travel expenses exceed $73,000.

5

se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (internal quotation marks and citation omitted), pro se litigants must establish subject matter jurisdiction, see, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 542-43 (E.D.N.Y. 1999) (dismissing a pro se complaint for lack of subject matter jurisdiction).

Here, even given a liberal construction, Plaintiff's Complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Plaintiff does not reference the Constitution, any federal statute, or any United States treaty anywhere in the Complaint, and Plaintiff's allegations do not support a colorable claim in any of these aforementioned categories. A colorable claim pursuant to 42 U.S.C. § 1983, which is the procedural mechanism for alleging a civil rights claim arising from the violation of an individual's constitutional rights, requires that a plaintiff allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges as secured by the Constitution of the United States. Annis v. Cnty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998); see also Bernstein v. New York, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008). Under very limited circumstances not alleged here, private actors, such as Defendant,

may be held liable under Section 1983. See Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974); Flagg v. Yonkers Sav. & Loan Ass'n, FA, 396 F.3d 178, 187 (2d Cir. 2005)); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982). Here, Defendant appears to be a private company not alleged to have any connection with any government body and thus has not acted under color of state law. Moreover, the Complaint is wholly devoid of any allegations concerning the deprivation of any constitutional right as is required to state a plausible Section 1983 claim. In the absence of any allegations against a state actor of a deprivation of a constitutional right, Plaintiff's Section 1983 claim is not plausible and does not establish this Court's federal subject matter jurisdiction.

In sum, there is no independent basis of jurisdiction here. There is no diversity jurisdiction because Plaintiff alleges neither Defendant's principal place of business nor its state of incorporation, and the amount in controversy sought by Plaintiff is well below the $75,000 threshold. In addition, Plaintiff's cause of action is not grounded in the Constitution, any federal law, or any United States treaty. Accordingly, the Court lacks subject matter jurisdiction.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se

Complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court finds that since the deficiencies noted above are substantive in nature and would not be remedied if Plaintiff were afforded an opportunity to amend his Complaint. As such, leave to amend the Complaint is DENIED.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff's Complaint is sua sponte DISMISSED, for lack of subject matter jurisdiction.

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff and to mark this matter CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  23 , 2013
       Central Islip, New York